IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFERSON A. McGEE,                    No.  CIV.S-04-2598 LKK DAD PS

        Plaintiff,

    v.                                 <u>FINDINGS AND RECOMMENDATIONS</u>

ARNOLD SCHWARZENEGGER,
et al.,

        Defendants.
_____/

        This matter came before the court on August 19, 2005, for

hearing on the following defense motions: (1) defendants Arnold

Schwarzenegger and Bill Lockyer's motion to dismiss for insufficient

service of process pursuant to Federal Rule of Civil Procedure

12(b)(5) and failure to state a claim under Rule 12(b)(6); (2)

defendant Jerry Meyer's motion to dismiss pursuant to Rule 12(b)(6);

(3) defendants City of Sacramento, Heather Fargo, Bonnie Pannell,

Robbie Waters, Albert Najera, and Officer Bailey's motion to dismiss

pursuant to Rule 12(b)(6); and (4) defendants County of Sacramento,

Lou Blanas, Jan Scully and Albert Locher's motion to dismiss under

1

Rule 12(b)(6).  Plaintiff, proceeding pro se, appeared on his own behalf.  Tamara L. Morgan appeared on behalf of defendants Schwarzenegger, Lockyer and Meyer.  Gerald Hicks appeared on behalf of the City of Sacramento defendants.  Robert Chalfant appeared on behalf of the County of Sacramento defendants.  There was no appearance on behalf of defendant James Stinson, who also has not moved to dismiss.

Having considered all written materials submitted in connection with the motions, and after hearing oral argument, for the reasons explained below the undersigned will recommend that defendants' motions to dismiss pursuant to Rule 12(b)(6) be granted and that this action be dismissed as to all defendants[1] without further leave to amend.

Pursuant to Federal Rule of Civil procedure 12(b)(6) a complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355

_____

[1]  The court "may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981); see also Omar v. Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("Such a dismissal may be made without notice where the plaintiff cannot possibly win relief.").  The court's authority in this regard includes sua sponte dismissal as to both defendants who have not been served and those who have not yet answered or appeared.  See Ricotta v. State of California, 4 F. Supp. 2d 961, 978 (S.D. Cal. 1998); Bach v. Mason, 190 F.R.D. 567, 571 & n.7 (D. Idaho 1999)(Garcia, J.).

1   U.S. 41 (1957)); <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d

2   1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this

3   standard, the court must accept as true the allegations of the

4   complaint.  <u>Hosp. Bldg. Co. v. Rex Hosp. Trs.</u>, 425 U.S. 738, 740

5   (1976).  Furthermore, the court must construe the pleading in the

6   light most favorable to the plaintiff, and resolve all doubts in the

7   plaintiff's favor.  <u>See</u> <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421

8   (1969).  In a case where the plaintiff is pro se, the court has an

9   obligation to construe the pleadings liberally.  <u>Bretz v. Kelman</u>, 773

10  F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  However, the court's

11  liberal interpretation of a pro se complaint may not supply essential

12  elements of a claim that are not pled.  <u>Pena v. Gardner</u>, 976 F.2d

13  469, 471 (9th Cir. 1992); <u>Ivey v. Bd. of Regents of Univ. of Alaska</u>,

14  673 F.2d 266, 268 (9th Cir. 1982).

15          Having carefully reviewed plaintiff's amended complaint,[2]

16  the court has determined that it still fails to comply with Federal

17  Rule of Civil Procedure 8.  While it is substantially shorter that

18  plaintiff's initial complaint, the nineteen-page amended complaint

19  is so vague and conclusory that the court remains unable to identify

20  the precise nature of plaintiff's claims.  The amended complaint

21  appears to concern some sort of dispute between plaintiff and the

22  defendants involving the Valley Hi Sports Bar & Grill located at

23  7917 Bruceville Road in Sacramento.  However, the exact nature and

24

25          [2]  The operative pleading with respect to the instant motion is
    the complaint filed on June 22, 2005 (Doc. no. 110).  That pleading,
26  which is in fact plaintiff's amended complaint, appears to have been
    inadvertently styled as a "second amended complaint."

parties to that dispute remain unclear.  The amended complaint

contains only conclusory allegations such as assertions that

defendants have "refused to protect plaintiff's property"; "refused

to enforce a restraining order of the Superior Court of California";

"unlawfully tak[en] plaintiff's property"; "denied [plaintiff] equal

rights in licensing, and interfered with his business

relationships"; and "refused to provide for the health, safety,

peace, comfort, and convenience of plaintiff's person, property,

customers, and employees on the same and equal basis that they

provide for white citizens", for example.  Moreover, without

explanation the amended complaint refers to a confusing array of

statutory provisions including 28 U.S.C. §§ 1981, 1982, 1983, 1985,

1986, 1988 as well as 42 U.S.C. § 2000, presumably in reference to

Title VII of the Civil Rights Act of 1964.  Finally, the amended

complaint contains wide-ranging allegations of conspiracy and

violations of plaintiff's constitutional rights and prays for

hundreds of millions of dollars in monetary relief.

In the order dismissing plaintiff's complaint with leave

to amend, plaintiff was expressly advised that any amended complaint

must contain a short and plain statement of the grounds upon which

the court's jurisdiction depends and contain a short and plain

statement of the claim showing that plaintiff is entitled to relief.

See Fed. R. Civ. P. 8(a).  He was advised that any amended complaint

must also give fair notice and state the elements of the claim

plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d

646, 649 (9th Cir. 1984).  He was told that he must allege with at

1  least some degree of particularity overt acts which defendants

2  engaged in that support plaintiff's claim.  Id.  Plaintiff was

3  notified that an amended complaint must be complete in itself

4  without reference to any prior pleading and that in an amended

5  complaint, as in an original complaint, each claim and the

6  involvement of each defendant must be sufficiently alleged.  He was

7  warned that any amended pleading which fails to provide the

8  necessary factual description would likely be dismissed.

9  Plaintiff's amended complaint fails to meet these requirements.

10      Having determined that plaintiff's amended complaint fails

11  to state a cognizable claim, the undersigned will recommend that the

12  it be dismissed.  Given the nature of the deficiencies discussed

13  above, and considering that plaintiff already had an opportunity to

14  amend, it appears clear that plaintiff cannot cure the defects of

15  this action.  Granting leave to amend would be futile.  See Reddy v.

16  Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990); Rutman Wine

17  Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987).

18  Therefore, the undersigned will recommend that the amended complaint

19  be dismissed with prejudice.

20      Accordingly, IT IS HEREBY RECOMMENDED that defendants'

21  motions to dismiss pursuant to Rule 12(b)(6) be granted as to all

22  defendants and that this action be dismissed without further leave

23  to amend.

24      These findings and recommendations are submitted to the

25  United States District Judge assigned to the case, pursuant to the

26  provisions of 28 U.S.C. § 636(b)(1).  Within ten (10) days after

5

being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommandations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>See</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 22, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
ddad1\orders.prose\mcgee2598.f&r.dism